UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS,<br><br>  Plaintiff,<br><br>v.<br><br>KING COUNTY PROSECUTING ATTORNEY'S OFFICE, et al., | CASE NO. 2:22-cv-01725-MJP-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, Daniel Teklemariam Hagos, a detainee at the King County Jail filed a *pro se* Prisoner Civil Rights Complaint, naming as Defendants the King County Prosecuting Attorney's Office; King County Correctional Facility; Jail Heath Services; E. Bradford Bales, Deputy Prosecuting Attorney; Curtis in Classification; Gonzalez, a nurse practitioner and Kathleen Driscoll, ARNP. Dkt. 5.

The Court recommends dismissing Counts I and II with prejudice as time barred. Leave to amend these counts should be denied because no amendment would cure the time bar. The Court also recommends granting Plaintiff leave to file an amended complaint limited to Count III and the allegation that Defendants Gonzalez and Driscoll were deliberately indifferent to Plaintiff's medical needs. If the Court adopts this recommendation, Plaintiff should be directed to file his amended complaint within 21 days of the Court's order or Count III may be dismissed.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

**A.    Legal Standards**

The Court is required to screen complaints filed by detainees such as Plaintiff under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

To avoid dismissal, a § 1983 complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

B.    The Complaint

In Count I, Plaintiff alleges "Brady violation, Hagos v. State of Washington Habeas Corpus that I file civil case No. 2:22-cv-01609-RAJ-BAT." Dkt. 5 at 4. Plaintiff names Deputy Prosecutor E. Bradford Bales as the defendant and attached a copy of a portion of the verbatim report of proceedings, dated July 12, 2016, in his criminal case, King County Superior Court No. 16-1-00616-3-SEA. *Id.* This claim should be dismissed as time barred. A civil rights action brought under 42 U.S.C. § 1983 applies the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*. Plaintiff obviously knew about the alleged claim because it is based upon events at this jury trial at which he was present.

In Count II Plaintiff alleges Defendant Curtis violated the 8th Amendment and mentions as Defendants the King County Jail and four corrections officers. Dkt. 5 at 14-23. In support he submits a transcript form King County case number 19-1-04001-3-SEA alleging in July 2019, Defendant Curtis sent Plaintiff to the "hole" at the King County Jail causing Plaintiff distress. *Id.* at 16-22. In support Plaintiff filed the verbatim report of proceedings dated August 5, 2019. Plaintiff signed his complaint on December 1, 2022 and it was received and filed on December 5, 2022. Dkt. 1. Count II alleges acts that occurred more than three years before the complaint was signed and thus like Count I should be dismissed as time barred.

In Count III Plaintiff alleges Defendant Nurse Practitioner Gonzalez and Kathleen Driscoll, ARNP violated the 8th Amendment rights on December 1, 2022. Plaintiff alleges his "C.O" denied Plaintiff's requests to be seen by an orthopedic physician at Harborview Hospital and that copies of his x-rays be provided. *Id.* at 24. Plaintiff alleges Nurse Gonzalez discussed

REPORT AND RECOMMENDATION - 3

increasing his medications. Plaintiff also alleges that Defendant Driscoll always decline to take his medical kite in the morning and "treats me cruel." *Id.*

To establish an Eighth Amendment medical care violation, Plaintiff must prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-1060.

If a plaintiff shows he suffered from a serious medical need, he must then show the prison officials responded to the serious medical need with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

REPORT AND RECOMMENDATION - 4

Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). However, a prison official may be held liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. However, a difference of opinion between an inmate and medical authorities regarding proper medical treatment give rise to a § 1983 claim. *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981); *Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004); *see also Estelle*, 529 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). An inmate must show the course of treatment chosen "'was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Toguchi*, 391 F.3d at 1058 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).

The complaint fails to set forth facts that raise a colorable Eighth Amendment claim as to Defendants Gonzalez and Driscoll. The complaint alleges Plaintiff and Defendant Gonzalez discussed Plaintiff's psychotropic medications. This does not raise a colorable claim. The complaint also alleges Defendant Driscoll treats Plaintiff "cruel," which is a conclusory statement that fails to provide any factual basis to raise a colorable claim. Plaintiff also alleges that Defendant Driscoll declines to take his "kites" in the morning. However, because prisoners are not entitled to grievance procedures as a matter of course, a claim a prison official failed to comply with such procedures or failed to resolve a particular grievance in a favorable manner is not cognizable under § 1983. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley*

REPORT AND RECOMMENDATION - 5

*v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (failure to process plaintiff's grievances not actionable under Section 1983).

The Court notes that Plaintiff attached copies of Kites and grievances to the complaint which appear to be related to another civil rights complaint Plaintiff filed in this Court. *See e.g.* Dkt. 5 at 28-29 referring to *Hagos v. Goodwill et al.* 2:22-cv-01436-RSL-DWC.

In sum, Counts I and II should be dismissed because they allege actions that occurred outside the three-year statute of limitations. Count III fails to set forth sufficient facts to establish a colorable claim that Defendants Gonzalez and Driscoll violated Plaintiff's Eighth Amendment rights. However, as Plaintiff proceeds pro se, the Court recommends he be allowed to file an amended complaints as to Count III only that sets forth with specificity the acts that Defendants Gonzalez and Driscoll did that constitute a violation of the Eighth Amendment. If Plaintiff fails to file an amended complaint as to Count III, or files a deficient amended complaint, that count should also be dismissed.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **December 21, 2022.** The Clerk shall note the matter for **December 23, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 7th day of December, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6